FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA 2018 MAR 30 AM 11: 26
WAYCROSS DIVISION

ANDREW DIXON,                    )
                                 )
        Petitioner,              )
                                 )
v.                               )    CASE NOS. CV515-051
                                 )              CR512-018
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and
Recommendation (Doc. 20), to which objections have been
filed (Doc. 21). After a careful de novo review of the
record, the Court concludes that Petitioner's objections
are without merit. Accordingly, the Report and
Recommendation is **ADOPTED** as the Court's opinion in this
case. As a result, Petitioner's 28 U.S.C. § 2255 petition,
Motion for Bond Pending Habeas Relief (Doc. 11), Motion to
Compel Judgment on the Pleadings (Doc. 12), and Motion for
Writ of Mandamus (Doc. 15) are **DENIED**. In addition,
Petitioner is not entitled to a Certificate of
Appealability ("COA"), rendering moot any request for in
forma pauperis status on appeal. The Clerk of Court is
**DIRECTED** to close this case.

In his objections, Petitioner argues that he is entitled to an evidentiary hearing (Doc. 21 at 3-4), his drug convictions do not qualify as serious drug offenses (id. at 4-5), and he is entitled to a COA (id. at 5-7). The Court must hold an evidentiary hearing on a § 2255 petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) ("A petitioner is entitled to an evidentiary hearing if he 'alleges facts that, if true, would entitle him to relief.' " (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002))). In this case, Petitioner's factual allegations, if true, would not entitle him to relief. As a result, Petitioner is not entitled to an evidentiary hearing. In addition, Petitioner's convictions for possession of marijuana with the intent to distribute and sale of cocaine both qualify as serious drug offenses under the Armed Career Criminal Act. See United States v. Dixon, 598 F. App'x 704, 706 (11th Cir. 2015) (citing United States v. Madera-Madera, 333 F.3d 1228, 1231 (11th Cir. 2003)); Brown v. United States, No. 17-10421-A, 2017 WL 7341401, at *4 (11th Cir. Oct. 18, 2017) ("[I]t appears that sale of cocaine in Georgia qualifies as a serious drug offense.").

2

Finally, Petitioner is only entitled to a COA "upon the 'substantial showing of the denial of a constitutional right.' " Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)(2)). Petitioner has not made such a showing.

SO ORDERED this 30th day of March 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA